**NITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-06417-KES Date: October 30, 2026

Title: RICARDA BARBOSA PENA v. WARDEN OR FACILITY ADMINISTRATOR, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **Order Granting Petitioner's TRO Application in Part (Dkt. 2) and Directing Respondents to Return Petitioner to the Central District of California**

## I. BACKGROUND

Around 10:30 a.m. on October 29, 2026, Ricarda Barbosa Pena ("Petitioner") filed a counseled Petition for a Writ of Habeas Corpus ("Petition" at Dkt. 1) challenging her detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Petitioner's counsel informed DHS by email that "federal habeas proceedings were anticipated" on October 28, 2026. (Dkt. 7-1 at 2-3, ¶ 3.)

Around 12:30 p.m. on October 29, 2026, Petitioner also filed an Application for Temporary Restraining Order ("TRO Application" at Dkt. 2) seeking her immediate release from custody and/or a TRO preventing her removal from the Central District of California while this action is pending. According to the TRO Application and a supporting declaration from counsel, counsel was informed, on the morning of October 29, 2026, that Respondents intended to transfer Petitioner from Adelanto, California to a detention facility in Arizona. (TRO App. at 2, ¶ 2.) A few hours later, Petitioner's counsel emailed the Court and Respondents' counsel, suggesting that the transfer may have already occurred.

The Petition alleges that Petitioner "has diabetes and hypertension," and, "[o]n the day of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL



[her] arrest [on October 15, 2026,] after missing medication, … her blood glucose reading reached approximately 300." (Pet. at 11, ¶ 38.) The TRO Application alleges that a "transfer to Arizona would place her care in the hands of a third facility in two weeks and sever the family supervision that has managed her conditions for years." (TRO App. at 4, ¶ 9.)

Around 2:00 p.m. on October 29, 2026, the Court ordered Respondents to respond to the TRO Application by 12:00 p.m. the following day, October 30, 2026. (Dkt. 6.) The Court asked Respondents to explain whether the transfer was planned or had occurred; whether the transfer took place before or after the Petition was filed; whether the transfer complied with General Order 26-05; and what plans were in place to manage Petitioner's diabetes and hypertension in the event of her transfer. (Id.)

Around 8:30 p.m. on October 29, 2026, Petitioner filed a supplement to the TRO Application. (Dkt. 7.) Counsel reported that Petitioner had telephoned her daughter "from an unidentified location in Arizona before the call was cut off." (Id. at 2, ¶ 2.)

As of the issuance of this order, Petitioner does not appear on ICE's online detainee locator. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (A# 220-570-799 (Mexico), last accessed Oct. 30, 2026).

Respondents' deadline to respond to the TRO has passed, and Respondents have not responded.

## II. LEGAL STANDARD

A TRO, like a preliminary injunction, "is 'an extraordinary remedy never awarded as of right.'" Benisek v. Lamone, 585 U.S. 155, 158 (2018) (per curiam) (quoting Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)); Martinez v. Noem, 821 F. Supp. 3d 1183, 1188-89 (C.D. Cal. 2026). To obtain a TRO, Petitioner must satisfy the four Winter factors, i.e., that (1) she is likely to succeed on the merits of his claims, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. Stromans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

## III. DISCUSSION

Based on the undisputed allegations in the Petition and TRO Application, Petitioner has demonstrated that she is entitled to a TRO requiring Respondents to transfer her back to the Central District of California.

She appears likely to succeed on at least one claim in the Petition: her claim that she has been misclassified as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A) and consequently denied a bond hearing. (Pet. at 12.) Given her more than 20 years of residence in the U.S., it appears that her detention should be governed by § 1226(a), which entitles her to a

bond hearing. See generally Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)").

Petitioner has also demonstrated a likelihood of irreparable harm in the absence of temporary relief, due to her age, health conditions, and limited ability to speak English or Spanish. (See Pet. at 9, 11, 18-19.) She has already had trouble communicating with her daughter and her counsel after her apparent transfer to Arizona. (See Dkt. 7 at 2, ¶ 2.)

Allowing Petitioner to communicate with her counsel and family, and effectively pursue a judicial ruling on the claims raised in her Petition, is in the public interest. The relief ordered herein is consistent with General Order 26-05, which prohibits moving habeas petitioners outside the Central District of California without giving petitioners and their counsel at least two court days' notice. (Dkt. 5 at 2, ¶ 6.) Even though the General Order was not filed in this case until after the Petition was filed, Respondents are aware of the General Order and the underlying purpose—to ensure that petitioners retain access to the courts.

Since Respondents have not responded to the TRO Application, they have not presented any evidence that requiring ICE to transfer Petitioner back to the Central District of California would be unduly burdensome or against the public interest.[1]

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondents shall return Petitioner to the Central District of California within **seven (7) days** of the date of this order.

2. Within **ten (10) days** of the date of this order, Respondents shall file a status report indicating whether they have complied with this order.

3. Nothing in this order modifies the expedited briefing schedule on the underlying Petition. (Dkt. 5 at 2, ¶ 3.) Respondents may file a combined Answer/status report if they wish to do so.

Initials of Deputy Clerk jd

[1] The Court recognizes that it required Respondents to respond to the TRO Application in an expedited time frame. However, this is routine in civil motion practice due to the emergency nature of the relief requested in TRO applications.